## Taylor, County Commissioner, v. Landrum et al.

(Decided November 13, 1931.)

BARNES & SMITH and SANDIDGE & SANDIDGE for appellant.

CARY, MILLER & KIRK for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

The term of office of the drainage commissioner of McLean county expired on the first Monday in January, 1930. On that day the county judge appointed T. R. Maynard, who duly qualified, but resigned on February 3, 1930. On that day the county judge appointed O. D. Taylor, as drainage commissioner for the county, and he duly qualified. On March 6, 1931, the county judge removed appellant and appointed D. D. Landrum as drainage commissioner, and Taylor brought this suit against Landrum and the county judge to enjoin them from interfering with him in the office. The circuit court sustained a general demurrer to his petition. He appeals.

The first question in the case is, Does the drainage commissioner hold for a definite term, or may he be removed at any time by the county court?

The act of 1912 (Ky. Stats., 1915, sec. 2380, subsecs. 1-50) contained these provisions:

"In all counties in this State where a public ditch, drain, levee or other improvement of a similar character shall have been established under pre-existing laws, or may hereafter be established under this act, and subject to the provisions of Section — hereof, it shall be the duty of the County Judge to appoint a 'Board of Drainage Commissioners' of the county, who shall have charge and control of all such public ditches, drains, levees and similar improvements, in such county, except as herein other-

wise provided. Each of the persons so appointed shall hold office for a term of four years, or until their successors are appointed and qualified, shall execute bond for the faithful performance of their duties in the penal sum of five thousand dollars, and shall be sworn to faithfully perform the duties of their position to the best of their ability. Vacancies on said board shall be filled by the County Judge.'' Acts 1912, c. 132, sec. 7.

''The power of appointment under the provisions of this act shall carry with it the power of removal at any time in the discretion of the appointing authority, or his or their successors in office.'' Section 37.

The Act approved March 28, 1918, entitled, ''An Act to amend Section 2380 of the Kentucky Statutes, Carroll's Edition, 1915, and Subsection Two (2), Seven (7), Ten (10), Thirty-one (31), Thirty-four (34), and Forty-nine (49) of said section, and to enact Sub-section Forty-nine A (49a) of said section.'' substituted for what is quoted above from section 7 the following: ''In all counties in this State where a public ditch, drain, levee, or other improvement of similar character shall have been established under preexisting laws or may hereafter be established under this act, it shall be the duty of the county judge to appoint a drainage commissioner of the county who shall have charge and control of all such public ditches, drains, levees and similar improvements in such county, except as otherwise provided. This person so appointed shall hold office for the term of four years or until his successor is appointed and qualified, shall execute bond for the faithful performance of his duties in the penal sum of five thousand dollars, and shall be sworn to faithfully perform the duties of his position to the best of his ability. Vacancy in said position shall be filled by the county judge.'' Acts 1918, c. 114, p. 502. It will be observed that this act, substituted for the board of commissioners, provided by the former act, a commissioner of drainage. Under the former act the appointment of the board was ''subject to the provisions of Section — hereof.'' These words are omitted from the amending act. But these words in the original act were immaterial, for without them all the sections of the act would be read together in determining its meaning, and section 37 would have had full effect

if these words had been omitted. Section 51 of the Constitution provides:

> "No law enacted by the general assembly shall relate to more than one subject, and that shall be .expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended' or conferred, shall be reenacted and published at length."

By its title the act of 1918 only amended sections 2, 7, 10, 31, 34, and 49 of the original act. It did not purport to amend section 37. Each of the sections that were amended are set out in full as amended. There is no provision repealing other laws. Section 37 of the original act was therefore not repealed or affected by the amendment of 1918. It follows that appellant held the office of drainage commissioner subject to the provisions of section 37 of the original act, and that the county judge had power to remove him.

Judgment affirmed.